Fulton County Superior Court
***EFILED***LW
Date: 5/19/2025 11:35 AM
Che Alexander, Clerk

IN THE SUPERIOR COURT OF FULTON

STATE OF GEORGIA          25CV006778

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
| v. | ) |
| AMERISURE INSURANCE COMPANY, | ) |
| Defendant. | ) |

## COMPLAINT FOR INDEMNIFICATION AND CONTRIBUTION

Plaintiff Scottsdale Insurance Company is informed and believes and thereon alleges against Defendant, as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Scottsdale Insurance Company ("Scottsdale") is a corporation and duly authorized to sell insurance within the State of Georgia.

2. Defendant Amerisure Insurance Company ("Amerisure"), is a foreign insurance company with a principal place of business in Massachusetts. Amerisure may be served with process upon its registered agent, Cogency Global Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

3. This Court has subject matter jurisdiction over this action.

4. Venue is proper in this Court.

## ALLEGATION OF FACTS

5. On or about August 5, 2016, Distribution Services International (DSI) contracted with Evans General Contractors ("Evans") for the construction of a warehouse facility ("The Project").

COMPLAINT FOR INDEMNITY AND CONTRIBUTION

Evans subcontracted certain roof work to Unlimited Structures LLC ("Unlimited") and certain concrete work to Danko.

6.      As a part of their respective subcontracts with Evans, both Danko and Unlimited were required to have Evans named as an additional insured under their commercial general liability insurance (CGL) policies. Both Danko and Unlimited did so with their insurers, Amerisure and Scottsdale, respectively.

7.      Not long after commencement of work on The Project, DSI alleged inadequacies with roofing and concrete work overseen by Evans. Payment for the work performed by Evans became an issue.

8.      On or about October 1, 2018, Evans filed a Renewed Complaint against DSI regarding payment for work on the project. On or about November 5, 2018, DSI filed its answer and counterclaims, asserting it had suffered damages due to defective work performed by Danko and Unlimited. DSI did not file any complaint directly against Danko or Unlimited. A true and accurate copy of DSI's answer and counterclaims is attached as **Exhibit 1.**

9.      Thereafter, Evans tendered the defense of the counterclaims brought by DSI pursuant to its subcontracts with Unlimited and Danko. Unlimited's insurer, Scottsdale, ultimately accepted this tender and provided a defense to Evans. Danko's insurer, Amerisure, declined to provide a defense to Evans. Ultimately, Scottsdale funded the full defense pursuant to the tender.

10. On or about April 30, 2019, Evans filed a third party complaint against Unlimited and Danko for breach of contract, contractual indemnity, breach of express warranty, breach of implied warranty, and common law indemnity. Evans' third party complaint and these counts were based on alleged deficiencies related to the work Unlimited and Danko performed on the The Project and damages allegedly caused by Unlimited and Danko to The Project. A true and accurate copy of this third-party complaint is attached as **Exhibit 2.**

11. In this same third party complaint, Evans also added counts against other subcontractors, All-Steel Construction, Inc. and Kirby Building Systems, LLC, which are not pertinent to this instant complaint.

12. As noted above, after this third party complaint was filed, Scottsdale/Unlimited elected to provide a full defense for Evans to the counterclaims raised by DSI. Amerisure/Danko declined to contribute to these defense costs.

13. In their respective contracts with Evans for The Project, both Unlimited and Danko agreed to the exact same provision related to indemnification, in paragraph 12, which states the following, in relevant part:

> **12.  INDEMNIFICATION.** *Subcontractor shall indemnify, pay for the defense and hold harmless the Owner, Architect, Contractor, General Contractor and all of their agents and employees from and against all claims, damages, losses, expenses, including attorney's fees, arising out of or resulting from Subcontractor's Work, provided that any such claim, damage, loss or expense is cause din whole or in part by any act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable. Subcontractor shall be liable to Contractor for attorney's fees incurred by Contractor resulting from a breach of contract by Subcontractor, including attorneys' fees incurred by Contractor to enforce this indemnification agreement….*

14.    Evans, Scottsdale, Danko, Kirby, and All Steel were able to resolve most of their claims and counterclaims by way of a Mutual Settlement and Release Agreement on or about August 21, 2024. This settlement specifically excepted and reserved any right of Scottsdale to recover a portion of the costs it incurred in the defense of Evans in connection with the litigation from any insurer(s) for Danko, including Amerisure.

15.    Repeated efforts were made to secure a portion of these defense costs from Amerisure. However, Amerisure has maintained its refusal to contribute towards a portion of the defense costs incurred by Scottsdale in defending Evans.

16. Despite refusing to contribute to the defense of Evans against the DSI claims, Amerisure chose to provide a defense to its own insured, Danko, to the claims in the third-party complaint, **Exhibit 2**, made by Evans against Danko. A comparison of the DSI claims against Evans to the Evans claims against Danko begs the question of how Amerisure could elect to provide a defense to only one of its two insureds for substantially similar allegations arising from the same set of facts related to The Project.

17. Plaintiff Scottsdale has incurred $411,471.18 in costs in the defense of Evans related to the counterclaims from DSI. Plaintiff Scottsdale is legally and equitably subrogated to the rights of its insured, Unlimited, in the instant lawsuit to the amount paid for attorney fees in defense of Evans forming the basis of this action.

## FIRST CAUSE OF ACTION

## INDEMNITY AGAINST AMERISURE

18. Plaintiff realleges and incorporates herein by reference paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Amerisure insured Danko was negligent in various ways with respect to the DSI project. This included committing safety violations involving the Norfolk Southern Rail Line, failing to install a thickened edge of concrete, improper wire mesh installation, and improper pouring, among other negligent acts. These acts or omissions created a payment dispute between DSI and Evans, leading to litigation between DSI and Evans in which DSI blamed Danko, in part, for damages it incurred with respect to the DSI warehouse facility project. As a result of DSI's counterclaim against Evans, Plaintiff Scottsdale was required to tender a defense on behalf of its insured, Unlimited, to Evans and ultimately paid $411,471.18 in total defense costs. Said costs were caused and/or contributed by the work performed by Danko.

20. Plaintiff Scottsdale seeks indemnity from Defendant Amerisure for amounts which Scottsdale was required to pay on Unlimited's behalf in defense of Evans for damages caused by Danko's negligent acts.

21.     As a result of Amerisure insured Danko's negligent acts, Plaintiff is entitled to seek indemnification from Defendant Amerisure for at least 50% of costs incurred in the defense of Evans.

## SECOND CAUSE OF ACTION

## CONTRIBUTION AGAINST AMERISURE

22.     Plaintiff realleges and incorporates herein by reference paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.     Danko was negligent in multiple ways with respect to the DSI project as briefly discussed above.  Danko's negligent acts and omissions caused significant damages to the DSI project and directly led to the payment dispute between DSI and Evans that was the basis of the underlying litigation and counterclaims by DSI against Evans that implicated Defendant Amerisure's duty to defend Evans.  As a result of these damages, Plaintiff Scottsdale sustained damages in the form of defense costs paid on behalf of Evans in the amount of $411,471.18.

24.     Defendant Amerisure is a co-obligor which shares any liability for legal defense owed to Evans with Plaintiff.  Amerisure refused to accept the tender to its insured, Danko. Scottsdale seeks contribution from Defendant for at least fifty percent (50%) of the amount of defense costs incurred on behalf of Evans which Scottsdale was required to pay per its contract of insurance for its insured . Fifty percent of the defense costs incurred by Evans is exactly $205,735.59.

25.     As a result of Amerisure's refusal to share in Evans' defense costs, Plaintiff is entitled to seek contribution from Defendant for at least fifty percent (50%) of amounts paid as set forth above.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For damages in the amount of at least $205,735.59, the exact amount to be proven at trial;

2.     For costs of suit incurred herein;

3.     For reasonable attorneys fees as permitted by law;

COMPLAINT FOR INDEMNITY AND CONTRIBUTION

4.    For prejudgment interest as permitted by law; and

5.    For such other relief as the Court may deem just and proper.

DATED:  May 19, 2025

/s/ *T. Evan Beauchamp*
T. Evan Beauchamp
Georgia Bar No.: 622929
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree St., NE
Atlanta, GA 30309
Telephone: (404)  572-2000
Facsimile: (404) 572-2199
ebeauchamp@cozen.com

*Attorney for Scottsdale Insurance Company*

LEGAL\77084215\1

COMPLAINT FOR INDEMNITY AND CONTRIBUTION